UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| RONRICAS DEJUAN PEDEN ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:24-CV-P300-CHB |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| SECTION 8 HOUSING AUTHORITY ) | |
| ) | |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Ronricas Dejuan Peden filed the instant *pro se* action. Because Plaintiff is proceeding *in forma pauperis*, the Court must screen this action pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff filed the complaint on a civil complaint form. [R. 1]. He sues Section 8 Housing Authority alleging that he is a part of a Section 8 program where the Housing Authority "owe[s] [him] money and paying less money out [or] nothing at all." *Id.* at 1. Plaintiff states that he is suing "to get [his] money back . . . post to been on Section 8 for around sixteen years [or] twenty years" and he "never got [his] money." *Id.* at 1, 7.

**II.**

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Additionally, Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted), *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598 (2001). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009); *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences.").

In the instant case, Plaintiff fails to provide material facts in support of any viable legal theory. The complaint does not contain sufficient factual matter that, if accepted as true, states "a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In fact, Plaintiff fails to include in the complaint a statement of his claim. Thus, Plaintiff fails to place Defendant on notice as to any claim(s) against it, *Swierkiewicz v. Sorema N.A.*, 534

U.S. 506, 512 (2002) (indicating that the short and plain statement of a claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'" (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544)), and the complaint is simply too vague and sparse to state a cause of action under any legal theory.

Although this Court recognizes that *pro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the duty to be less stringent "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

For these reasons, this case will be dismissed by separate Order.

This the 16th day of January 2025.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, *pro se*
    Defendant
A958.014